IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUSTAVO M. RODRIGUEZ | § | C.A. No. _____ |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| *Kirstjen michele Nielsen*, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; | § | |
| | § | |
| | § | |
| *Jefferson B. Sessions*, UNITED STATES ATTORNEY GENERAL; | § | |
| | § | |
| *L. Francis Cissna*, DIRECTOR USCIS; | § | IMMIGRATION FILE # A |
| | § | |
| *Mark Siegl*, FIELD OFFICE DIRECTOR, USCIS HOUSTON, TEXAS; | § | |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. | § | |
| | § | |
| | § | |
| Defendants. | § | N-400 RECEIPT # SSC* |

PETITION FOR HEARING ON NATURALIZATION APPLICATION IN
THE UNITED STATES DISTRICT COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUSTAVO M. RODRIGUEZ, the above-named Petitioner, hereinafter "Petitioner" and hereby respectfully petitions this Court to grant a hearing on hhis application for naturalization in the United States District Court, for the reasons set forth below:

## I.

## PARTIES

Petitioner, **Mr.** GUSTAVO M. RODRIGUEZ is an individual and a lawful permanent resident alien ("LPR") of the United States residing at 22234 Elsinore Drive, Houston, Texas 77450, which address is within the jurisdiction of this Court.  **Mr.** RODRIGUEZ's Alien Registration Number is: # **IOE0901008518** *see Exhibit "A," (incorporated by reference herein).* **Mr.** RODRIGUEZ was born in the Cuba and came to the United States as a toddle with his parent as refugees and on June 8, 1964 he obtained his Lawful Permanent Resident status pursuant to the Cuban Adjustment Act with immigrant classification CU6.  **Mr.** RODRIGUEZ avers that he has never relinquished his residence in Houston, Harris County, Texas since that time.

**Mr.** RODRIGUEZ avers that he has been a person of good moral character for the statutory period and resided in Harris County for the statutory requisite period.   The application remains pending for no apparent reason.

On or about 07/05/2017, Petitioner, **Mr.** RODRIGUEZ was interviewed for naturalization (N-400) with the Respondent, USCIS pursuant to 8 USC §1427.  Prior to filing his naturalization application, Petitioner **Mr.** RODRIGUEZ avers that he continuously resided in the United States for at least five (5) years and that since that time has been physically present in the United States for at least half of that time or two and one-half (2½) years and has resided within the jurisdiction of the Department of Homeland Security, United States Citizenship and Immigration Service, Houston Field Office at least for three (3) months prior to filing his N-400 naturalization application.

The Petitioner, **Mr.** RODRIGUEZ avers that he has lawfully resided in the U.S. as a Legal Permanent Resident since on or about 06/08/1964 approximately (54)) years.  The Petitioner, **Mr.** RODRIGUEZ further avers that he is attached to the principle of the

2

United States Constitution, and is well disposed to the good order and happiness of the United States.   To that effect, he has unequivocally taken the oath of allegiance at his naturalization interview in front of the Houston USCIS Field Adjudication Officer on 07/05/2017;   Subsequent to his interview, he made multiple good faith effort inquiries with the Agency Defendant as to the status of his pending and long overdue case to no avail. *Please see attached* **Exhibit "B-C,"** (incorporated by reference herein).   He has opted to take this extraordinary step of initiating litigation which was from the outset not taken lightly, and in fear of potential "government sanctioned retribution" for taking this step, as would only be a self fulfilling prophecy in the Complainant's country of origin, Cuba, hence the natural and cultural apprehension for suing the executive branch of the government because his dream is to become a naturalized United States citizen and be able to travel abroad with his USC spouse of (44) years.

Respondent, ***Kirstjen michele Nielsen***, the Secretary of The Department of Homeland Security, is a natural individual and a named party to this Petition for Review and is only being sued in her official capacity as Secretary of the Department of Homeland Security.   Her principal place of business is the United States Department of Homeland Security, Washington D.C. 20528.

1)      Respondent, ***Jefferson B. Sessions*** is a natural individual and a named party to this Petition for Review and is only being sued in his official capacity as Attorney General of the United States.   Pursuant to 8 USC §1421, he has sole jurisdiction to adjudicate applications for naturalization.   His principal place of business is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington D.C. 20530-0001.

2)      Respondent, ***L. Francis Cissna*** is a natural individual and a named party to this Petition for Review and is only being sued in his official capacity as Director of the United

3

Citizenship and Immigration Services, a sub-component or agency within the Department of Homeland Security, with his principal place of business located in His principal place of business is the United States Department of Homeland Security, Office of General Counsel, Washington D.C. 20528.

3)      Respondent, *Mark Siegl*, is a natural individual and a named party to this Petition for Review and is only being sued in her official capacity as the FIELD OFFICE DIRECTOR of the United Citizenship and Immigration Services, HOUSTON, TEXAS Field Office.  His principal place of business is 126 Northpoint Houston, Texas 77060.

4)      Respondent, **UNITED CITIZENSHIP AND IMMIGRATION SERVICES**, Houston Field Office, is a sub-component or agency within the Department of Homeland Security.  Respondent is responsible for the adjudication of naturalization applications for applicants residing within its jurisdiction including but not limited to the Greater Houston Metropolitan area and surrounding counties.  Its principal place of business is located at 126 Northpoint Houston, Texas 77060.

## II.

## JURISDICTION AND VENUE

Jurisdiction in the case *sub judice* is conferred by statute, 8 USC §1447 (Petition for Hearing on Naturalization Application in District Court), subparagraph (b) entitled, "Request for Hearing before District Court" which provides the following in pertinent part:

> If there is a failure to make a determination under 8 USC §1446 of this title
>
> before the end of the 120-day period after the date on which the *examination*
>
> is conducted under such section, the applicant may apply to the United States
>
> District Court for the district where the applicant resides for a hearing on the
>
> matter.   Such Court has jurisdiction over the matter and may either
>
> determine the matter or remand the matter with appropriate instructions, to

4

the Service to determine the matter. Venue is conferred by statute, 8 USC §1447, subparagraph (b) and is further conferred by statute 28 U.S.C. § 1391 (Venue Generally) subparagraph (e).

Section 1447(b) reads as follows: If there is a failure to make a determination under [INA] § 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

1.  The delay in decision-making by USCIS must have lasted for at least 120 days after the "examination";

2.  The suit must be filed in the federal district court where the applicant resides;

3.  The court then acquires jurisdiction over the naturalization application; and

4.  The court may either decide the naturalization application or may remand the case with instructions to USCIS.

### III.
### FACTS

The Petitioner, **Mr.** RODRIGUEZ avers AGAIN that he is a person of good moral character for the requisite statutory period of good moral character.  Petitioner avers that he is attached to the principles of the Constitution of the United States, and is well disposed to the good order and happiness of the United States. He is a beneficial member of

society, he is a Fleet Manager for a trucking company. The Petitioner, **Mr.** RODRIGUEZ has been waiting in vain for his naturalization oath ceremony now for over (10) months now. The experience of the undersigned attorney of record has been that other jurisdictions such as the Columbus, Ohio Immigration Sub-Office for instance are *inter alia* able to request FBI Name Checks and approve pending naturalization cases on an expedited basis post litigation and schedule long overdue deserving applicants within several weeks of the filing of a Petition for Review as the matter *sub judice*, even prior to the filing of an answer by the parties involved are due as per the FRCP, *please see Henrie August Lidell Kumaat v. Federal Bureau of Investigations, Et. Al.*, Case # 2:06 CV J82-JDN-TPK, In The United States District Court for the Southern District of Ohio, despite the pending of other Name Check cases as well with that office whether in litigation, *pro se* or any other status. This prompt action is beneficial for the Court's judicial economy as well as equitable for the applicants who have been waiting in vain for their long overdue applications. Alien, who has no other option but to the extraordinary step and resort to costly and protracted litigation, often under the fear of governmental retribution for opting to pursue this drastic course of action granted to them the statutory authority promulgated by Congress specifically to remedy this type of excessive governmental delay in processing naturalization applications.

Even the majority of Federal District Courts in Texas have unfortunately been for the most part ignoring the statutory authority given to them by the Immigration and Nationality Act as well as the Regulations to adjudicate these types of cases, or remand them back WITHOUT LIMITED TIME INSTRUCTIONS to USCIS, but instead were also viewing these petitions as a nuisance and dismissing them outright for alleged lack of subject matter jurisdiction not long after the petitions were filed, therefore, violating the due process rights of the applicants before them without remedy.

The meaning of the term "examination" is critical to determining when a § 1447(b) action can be brought, since it is only after the "examination" has taken place that the 120 day period begins to run.  The majority of courts – including the only courts of appeals to decide the issue – have held that "examination" refers to the initial interview scheduled under 8 U.S.C. § 1446.  *See, e.g., Walji v. Gonzales,*[1] 500 F.3d 432, 436 and n. 5 (5th Cir. 2007) (citing cases)3; *U.S.A. v. Hovsepian,* 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc); *Omar v. USA,* 552 F. Supp. 2d 713 (M.D. Tenn. 2008); *Shendaj v. Dedvukaj,* 543 F. Supp. 2d 724 (E.D. Mich. 2008); *Imran v. Keisler,* 516 F.Supp.2d 967 (S.D. Iowa 2007); *see also* 8 C.F.R. § 335.2. These and other courts hold that a § 1447(b) action can be brought if USCIS has failed to make a decision within 120 days after the initial interview.   In these heightened and precarious times of the complete and utter absence and ignorance of immigrants rights *by* the executive branch post January 2017, all in the name of "national security" it is heartening to see that once again the judicial branch of the government is slowly starting to wake up and stand up for *everyone's* substantive and procedural due process rights within these United States, no matter what their alienage is.  In *Walji,* the Fifth Circuit reached this conclusion based upon the statutory language of § 1447(b) (indicating that the "examination" was a distinct, single event); the statutory structure (distinguishing between the examination and the investigation of a naturalization application); the agency's own regulations; and the legislative history of § 1447(b).  *Walji,* 500 F.3d at 436-38.

Nor is it in the best interest of judicial economy to crowd the dockets of the already burdened federal courts, but alas, again this is the ONLY legal and practical avenue currently available to the Petitioner, **Mr.** RODRIGUEZ, or others similarly situated.  The majority of opinions nationwide is in favor of alien petitioners who are similarly situated and

---

[1] In *Walji,* the Fifth Circuit interpreted the Fourth Circuit decision *Etape v. Chertoff,* 497 F.3d 379 (4th Cir. 2007), as implicitly holding that the 120 day period begins to run from the date of the initial interview. Thus, *Etape* arguably can be construed as reaching this same result.

who but for the intervention of the federal courts are without any legal recourse and hope over ever naturalizing to United States citizenship, so that they may begin to enjoy and exercise the fruits of citizenship such as voting, serving in federal government jobs, the military or other cherished rights most of us either take for granted or fail to completely exercise to begin with.  Furthermore, even here in the Southern District of Texas, Galveston Division, the Courts are also slowly beginning to warm up to these type of cases, and are actually awarding enhanced EAJA fees occasionally for the benefit of the Plaintiff/Petitioner, *see Osakwe v. DHS, Cause # G-07-308,* .

All courts of appeals to have addressed the issue of concurrent jurisdiction under § 1447(b), as well as numerous district courts, reject USCIS' position and instead hold that, once the § 1447(b) suit is filed, only the federal court has jurisdiction; USCIS is without jurisdiction to decide the naturalization application unless the district court remands the case. See, e.g., *Bustamante v. Napolitano,* 582 F.3d 403 (2d Cir. 2009); *Etape v. Chertoff,* 497 F.3d 379 (4th Cir. 2007); *U.S. v. Hovsepian,* 359 F.3d 1144 (9th Cir. 2004); *Taalebinezhaad v. Chertoff,* 581 F. Supp. 2d 243 (D. Mass. 2008); *Castracani v. Chertoff,* 377 F. Supp. 2d 71 (D.D.C. 2005); *see also Al Maleki v. Holder,* 558 F.3d 1200, 1205 n.2 (10th Cir. 2009) (finding it unnecessary to answer the question but noting the persuasive reasoning of *Hovsepian* and *Etape*).  Thus, in the Second, Fourth and Ninth Circuits, a denial of the application by USCIS after the § 1447(b) action is filed is without force because the agency had no jurisdiction to make the decision.

## IV.

## ARGUMENT AND AUTHORITIES

More than one hundred twenty (120) days have passed since the statutory INA (Immigration and Nationality Act) §335 initial examination of Petitioner on **07/05/2017,** *Please see attached* **Exhibit "C,"** *supra* and Respondent has made no determination on the N-

8

400 naturalization application as mandated by the prescribed time limitations promulgated by Congress.  As such, Respondent has not notified Petitioner, **Mr.** RODRIGUEZ of their decision to either grant or deny his application in violation of their own regulations at 8 CFR § 335.3(a) that states in pertinent part:

> The Service officer shall grant the application if the applicant has complied with all the requirements for naturalization under this chapter.  A decision to grant or deny the application shall be made at the time of the initial examination of the applicant or within 120 days after the date of initial examination of the applicant for naturalization under INA §335.2.  The applicant shall be notified that the applicant has been granted or denied, and if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter.

Rather than make a determination on the application, the Service officer may continue the initial application with an opportunity to overcome the deficiencies on the application that might arise during the examination.  The officer must inform the applicant in writing of the grounds to be overcome or the evidence to be submitted. The applicant shall not be required to appear for re-examination earlier than sixty (60) days after the first examination.  However, the re-examination on the continued case shall be scheduled within the one hundred (120)-day period after the initial examination, except as otherwise provided under §312.5(b) of this chapter.  If the applicant is unable to overcome the deficiencies in the application, the application shall be denied pursuant to INA §336.1.

    The Respondent's failure to make a determination on Petitioner's application within the aforesaid one hundred and twenty (120) day statutory period allows Petitioner, **Mr.** RODRIGUEZ to bring this matter to the court for a hearing pursuant to 8 USC §1447(b). The majority of courts to consider the issues have determined that the "examination" referred to is the initial interview scheduled under 8 U.S.C. §1446(a).  *See e.g. Walji v. Gonzales,* Docket # 06-20937, AILA Doc. No. 07091772 (5th Cir. September 14, 2007); *Etape v. Chertoff,* ____F.3d ____, 2007 U.S. App. LEXIS 18348 (4th Cir. August 2, 2007); *U.S.A. v. Hovsepian,* 359 F.3d 1144, 1151 (9th Cir. 2004) (treating the initial interview date as the trigger

for the 120-day period for §1447(b)); *Castracani v. Cherthoff*, 377 F.Supp. 2d 71 (D.C.D.C. 2005) (same); *El-Daour v. Cherthoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa.005) (explicitly finding that interview date was the date of "examination" of under §1447(b)); *Angel v. Ridge*, 2005 U.S. Dist. LEXIS 10667 (S.D. Ill. 2005) (explicitly finding that the 120-day period ran from the date of first interview, not, a rescheduled interview); *see also* 8 C.F.R. §335.2; *Cf. Danilov v. Aguirre*, 2005 U.S. Dist. LEXIS 10128 (E.D. Va. 2005) (finding that the term "examination" in §1447(b) encompassed a process which included both the interview and the investigation).[2]

The Petitioner, **Mr.** RODRIGUEZ desires a "judicial-determination" of his naturalization application as the Court is statutorily authorized to do under the laws promulgated by the U.S. Congress, specifically **8 USC §1447(b)**, and a "**declaratory-judgment**" that he is a United States Citizen, as well as an "**in-Court swearing in**" for his naturalization application.

## V.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Petitioner, **Mr.** RODRIGUEZ respectfully requests that the Court:

1.    Hear Petitioner's naturalization application and render a **declaratory-judgment** that he is a naturalized citizen of the United States;

2.    Grant Petitioner's attorney fees and Court costs associated with this matter pursuant to the **EQUAL ACCESS TO JUSTICE ACT**, 28 U.S.C. § 2412 and any applicable fee granting provisions of law; and/or,

3.    In the alternative, that the Court swear him in as a naturalized U.S. citizen;

4.    The Court grants such other and further relief, general, special and/or equitable as may be deemed appropriate.

---

[2] At least one court has specifically rejected the reasoning of *Danilov*, finding that it was not based upon an accurate reading of either §1447(b) or the regulations that implemented it. *El Daour v. Cherthoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa. 2005). *El Daour* also correctly pointed out that *Danilov* was decided without the benefit of briefing by the naturalization petitioner.

Respectfully submitted,

**CALEHR AND ASSOCIATES**
**Attorneys and Counselors at Law**

**By: /S/ Haroen Calehr**
Texas Bar No. 24031787
Southern District of Texas
Federal Admission # 2999
5858 Westheimer Road, Suite 400
Houston, Texas 77057
Tel. (713) 266-9299
Fax. (713) 621-8909
E-mail: calehrlawfirm@gmail.com

**CERTIFICATE OF SERVICE**

I, HAROEN CALEHR of the Law Firm, CALEHR & ASSOCIATES hereby certify that to the best of undersigned's knowledge, information and belief, formed after reasonable inquiry, a true and correct copy of the attached documents were sent via facsimile, U.S. Mail CMRRR, U.S. Mail First Class and/or electronic filing in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the **29th day of May, 2018** to:

Honorable *Jefferson B. Sessions*, Esq.
*Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Honorable *Kirstjen michele Nielsen*
*Secretary of Homeland Security*
**U.S.** Department of Homeland Security
Washington D.C. 20528.

*United States Attorney*

Southern District of Texas
910 Travis St., Ste. 1500
P.O. Box 61129
Houston, TX 77208-1129

*Office of General Counsel*

United States Department of Homeland Security
Washington, D.C., 20528

*Ms. Merilee Fong, Esq.*
*Ms. Erika McGuirick*
USCIS in Regional Counsels
United States Department of Homeland Security
Citizenship and Immigration Services
Houston District Office
126 Northpoint
Houston, Texas 77060
(281) 774-4651 Telephone
(281) 774-5882 Facsimile

**/S/** HAROEN CALEHR
ATTORNEY FOR
**GUSTAVO M.**RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUSTAVO M. RODRIGUEZ | § | C.A. No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| *Kirstjen michele Nielsen*, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; | § | |
| | § | |
| *Jefferson B. Sessions*, UNITED STATES ATTORNEY GENERAL; | § | |
| | § | |
| *L. Francis Cissna*, DIRECTOR USCIS; | § | IMMIGRATION FILE # A |
| | § | |
| *Mark Siegl*, FIELD OFFICE DIRECTOR, USCIS HOUSTON, TEXAS; | § | |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. | § | |
| | § | |
| Defendants. | § | N-400 RECEIPT # SSC* |

## <u>CERTIFIED PETITION FOR REVIEW</u>

STATE OF TEXAS            §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned notary public, on this day personally appeared, **GUSTAVO M. RODRIGUEZ**, who first being duly sworn under oath, deposes and said that she is the above named Petitioner, that he has read the foregoing Petition, and that the statements contained therein are true and correct to the best of her knowledge and belief.

1

FUTHER AFFIANT SAYETH NOTH.

GUSTAVO M. RODRIGUEZ, Affiant

ACKNOWLEDGED AND SUBSRIBED TO ME AND SWORN TO ON THIS THE

29th _____ day of May _____, 2018.

RIFKY MAULANA
Notary ID #125413916
My Commission Expires
October 15, 2021

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

2